**NOT FOR PUBLICATION**

OCT 07 2014

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **JONATHAN ALEXANDER REYES,** | No. 13-70162 |
| Petitioner, | Agency No. A075-751-990 |
| v. | |
| **ERIC H. HOLDER, Jr., Attorney General,** | **MEMORANDUM**[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 13, 2014
San Francisco, California

Before: **KOZINSKI**, Chief Judge, **McKEOWN** and **CLIFTON**, Circuit Judges.

The BIA didn't err in denying Reyes's application for protection under the Convention Against Torture. Nothing in the record or the BIA's decision indicates a failure to consider all the evidence. See Cole v. Holder, 659 F.3d 762, 771 (9th Cir. 2011). Indeed, the BIA explicitly considered much of the evidence Reyes

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

provided, including the 2010 Country Report and the 2007 Harvard article, and it wasn't required to "expressly refute on the record every single piece of evidence." Feng Gui Lin v. Holder, 588 F.3d 981, 987 (9th Cir. 2009).  It then reasonably concluded that although "the situation for persons with gang related tattoos in El Salvador may well be highly dangerous," it is not "more likely than not at this time that [Reyes] will be tortured upon return to El Salvador."  See Alphonsus v. Holder, 705 F.3d 1031, 1049–50 (9th Cir. 2013); Shrestha v. Holder, 590 F.3d 1034, 1049 (9th Cir. 2010).  In light of this conclusion and in context, the typographical error Reyes points out doesn't require a remand.

**DENIED.**